IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

FILED
MAY 24 2013
CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.

Criminal No. 4:10cr43
Civil No. 4:12cv171

KIMBERLY MORGAN HENRETTY,

Petitioner.

## OPINION AND ORDER

This matter is before the Court upon the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 53). For the reasons stated herein, the petitioner's motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 12, 2010, the petitioner pleaded guilty to a one-count indictment charging her with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, stemming from her role in the filing of fraudulent federal tax returns for a family-owned residential construction business over a five-year period. On August 4, 2010, the Court sentenced the petitioner to a term of forty-six months imprisonment, followed by a three-year term of supervised release, and to pay restitution in the amount of $265,507. The petitioner did not appeal her conviction or sentence.

On December 15, 2011, pursuant to the petitioner's motion, the Court amended the restitution judgment to reduce the amount of monthly payments due while she is incarcerated. On January 3, 2012, the Court entered a second order clarifying its Order of December 15, 2011.

On August 16, 2012, the Court denied a motion by the petitioner to modify her sentence to provide that she be permitted to serve the final thirteen months of her prison sentence in a halfway house. The Court noted that, under 18 U.S.C. § 3582, it has authority to modify a sentence once it

has become final only under very narrow circumstances, none of which were present in this case. The Court did, however, write a letter to the Bureau of Prisons recommending that the petitioner be permitted to serve the final twelve months of her prison sentence in a halfway house pursuant to the Second Chance Act. Soon thereafter, the Warden of the institution where the petitioner is confined responded, advising that, in response to the Court's recommendation, the petitioner's Unit Team had increased its recommendation from 91–120 days of halfway house placement to 121–150 days.

On November 2, 2012, the petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, claiming that she was denied the effective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution.

Before continuing, the Court feels compelled to pause and acknowledge that the petitioner faces serious medical issues, which are not reflected in the preceding recital of procedural facts. The petitioner's most recent filings have documented her initial diagnosis of skin cancer in April 2012, and her more recent diagnosis of an "aggressive" form of breast cancer. Because of her medical condition and treatment needs, the petitioner is no longer eligible for halfway house placement, and she fears that she will not survive until her prison release date in November 2013. She advises that she has applied for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A),[1] and the Court notes that she was recently transferred to Federal Medical Center Carswell in Fort Worth, Texas. The Court is sympathetic to the petitioner's health concerns, but, nevertheless, the Court's authority

---

[1] Under this statutory provision, a court may modify a prison sentence upon finding that "extraordinary and compelling reasons warrant such a reduction," but only upon a motion by the Director of the Bureau of Prisons. No such motion has been filed in this case. It is the Court's understanding that such motions are rare, and that the threshold medical criteria for consideration under the BOP's compassionate release program is a terminal disease with life expectancy of eighteen months or less. See generally Office of the Inspector Gen., U.S. Dep't of Justice, Report No. I-2013-006, The Federal Bureau of Prisons' Compassionate Release Program (Apr. 2013), available at http://www.justice.gov/oig/reports/2013/e1306.pdf; Charlie Savage, More Releases of Ailing Prisoners Are Urged, N.Y. Times, May 2, 2013, at A17. There is no evidence of record that the petitioner meets these criteria, but her subjective concerns imply that she might.

to vacate, set aside, or correct a sentence under § 2255 is limited, and the circumstances presented compel the denial of the petitioner's motion as untimely.

## II. LEGAL STANDARD

Collateral review under 28 U.S.C. § 2255 allows a prisoner in federal custody to challenge the legality of a federal sentence on four grounds: (i) the sentence was imposed in violation of the Constitution or laws of the United States, (ii) the sentencing Court lacked jurisdiction, (iii) the sentence imposed was in excess of the maximum amount authorized by law, or (iv) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Supreme Court of the United States has held that § 2255 is the appropriate vehicle by which a federal prisoner may challenge both the fact of conviction itself and the terms of a post-conviction sentence. Davis v. United States, 417 U.S. 333, 343–44 (1974). When seeking relief under § 2255, a petitioner "bears the burden of proving his grounds for collateral attack by a preponderance of the evidence." Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998) (citing Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967), and Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

Section 2255 provides that, "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney [and] grant a prompt hearing thereon." 28 U.S.C. § 2255(b). Thus, as a corollary, a court may dismiss a § 2255 motion if it is clearly inadequate on its face and if the petitioner would not be entitled to relief assuming the facts alleged in the motion are true. Where the record refutes a petitioner's factual allegations, dismissal is appropriate. Likewise, if the motion can be resolved exclusively on issues of law, and no questions of fact exist, then summary dismissal is appropriate without an evidentiary hearing. See Green v. United States, 65 F.3d 546, 548–49 (6th Cir. 1995). Similarly, a court need not hold an evidentiary hearing on a § 2255 motion if the motion

and the files and records of the case conclusively show that the prisoner is not entitled to relief. United States v. Hackley, 164 Fed. App'x 301 (4th Cir. 2006).

In the instant case, the petitioner is proceeding pro se. A pro se petitioner is entitled to have her petition and other papers construed liberally, and she is held to a less stringent standard than an attorney in drafting litigation documents. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

### III. ANALYSIS

The Court does not reach the merits of the petitioner's motion because it is barred by the statute of limitations. The passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of § 2255 motions. See AEDPA, Pub. L. No. 104-132, § 105, 110 Stat.1214, 1220 (1996). This one-year limitation period runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Ordinarily, the limitation period for filing a § 2255 motion commences when the petitioner's conviction becomes final. See 28 U.S.C. § 2254(f)(1). In this case, the petitioner did not file a direct appeal from her August 4, 2010, judgment of conviction, thus it became final on fourteen days later on August 18, 2010. See Clay v. United States, 537 U.S. 522, 527 (2003) (conviction final for AEDPA purposes upon expiration of the period during which direct review could have been sought);

Fed. R. App. P. 4(b)(1)(A)(i) (notice of appeal must be filed within fourteen days after entry of judgment). Thus, pursuant to § 2255(f)(1), the petitioner had until August 18, 2011, to timely file a § 2255 motion. She filed the instant petition on November 2, 2012, more than a year after the limitation period had expired.

The petitioner contends, however, that her § 2255 motion is nonetheless timely under § 2255(f)(3), which provides an alternative limitation period for § 2255 motions asserting the violation of a constitutional right newly recognized by the Supreme Court sometime after the petitioner's conviction became final. The petitioner has claimed ineffective assistance of counsel in connection with plea negotiations in her case, citing the Supreme Court's decisions in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012), both of which were decided on March 21, 2012. She claims that, in these decisions, the Supreme Court newly recognized a Sixth Amendment right to effective assistance of counsel in the plea bargaining context. As such, she argues, the appropriate limitations period for this motion commenced on March 21, 2012, and thus her November 2, 2012, motion was timely filed.

But § 2255(f)(3) is only applicable to constitutional rights that are newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. See § 2255(f)(3); Kelly v. United States, Nos. 1:06cr297, 1:12cv988, 2013 WL 150325, at *2 (E.D. Va. Jan. 10, 2013). Most courts considering this issue have found that Lafler and Frye did not announce a new rule of constitutional law, but instead merely applied the established rule of Strickland v. Washington, 466 U.S. 668 (1984), to the plea negotiation context. See, e.g., Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012); In re Perez, 682 F.3d 930, 932 (11th Cir. 2012); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012); Ortiz v. United States, No. 12 Civ. 5236(BMC), 2012 WL 5438938, at *2 (E.D.N.Y. Nov. 7, 2012) (collecting district court cases). Although this Court has

previously held that Lafler and Frye did announce a new constitutional rule, it has also expressly held that the rule is not retroactively applicable to cases on collateral review. See Berry v. United States, 884 F. Supp. 2d 453, 461–63 (E.D. Va. 2012) (Doumar, J.). Either way, the petitioner's claim does not satisfy the requirements of § 2255(f)(3). See Kelly, 2013 WL 150325, at *2.

The petitioner does not allege any facts to suggest that her motion might be timely under § 2255(f)(2) or (4), nor does she allege any facts to suggest that she may be entitled to equitable tolling of the statute of limitations. Accordingly, her motion is time-barred pursuant to 28 U.S.C. § 2255(f)(1), and therefore her motion must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the petitioner's § 2255 motion (ECF No. 53) is **DENIED**. The petitioner is **ADVISED** that she may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. For the reasons stated herein, the Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. See generally United States v. Hadden, 475 F.3d 652, 659–60 & n.4 (4th Cir. 2007).

The Clerk is **DIRECTED** to deliver a copy of this Order to the petitioner and to the United States Attorney's Office. For the Clerk's benefit, the Court again notes that the petitioner was recently transferred and is currently resident at FMC Carswell in Fort Worth, Texas.

**IT IS SO ORDERED.**

May 24, 2013
Norfolk, Virginia

Robert G. Doumar
Senior United States District Judge